1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SINNETT LAW, APC.**
Wayne A. Sinnett, Esq. (SBN: 302987)
ws@sinlegal.com
3919 30th Street
San Diego, CA 92104
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAURA HALPIN; and MARK HALPIN, individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**TRIDENT ASSET MANAGEMENT, LLC.; DIVERSIFIED CONSULTANTS, INC.; and ORION PORTFOLIO SERVICES, LLC.,**<br><br>Defendants. | **Case No.: 5:15-CV-02195**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**3.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiffs, LAURA HALPIN and MARK HALPIN, (collectively as "Plaintiffs") bring this lawsuit to challenge the actions of Defendants, TRIDENT ASSET MANAGEMENT, LLC. ("TRIDENT"); DIVERSIFIED CONSULTANTS, INC., ("DIVERSIFIED"); and ORION PORTFOLIO SERVICES, LLC. ("ORION") (collectively as "Defendants"), with regard to Defendants' unlawful debt collection practices and reporting of erroneous and derogatory information on Plaintiffs' consumer credit report as that term is

defined by Cal. Civ. Code § 1785, *et seq*. Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiffs concerning the invalid debt Defendants are reporting in Plaintiffs' file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiffs damages.

4.  Plaintiffs allege as follows upon personal knowledge as to Plaintiffs' own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorney.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7.  Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

## JURISDICTION AND VENUE

9.  This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

10. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

*///*

11. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this judical district.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiffs reside in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

13. Plaintiff, LAURA HALPIN, is a natural person who resides in the City of Apple Valley, County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

14. Plaintiff, MARK HALPIN, is a natural person who resides in the City of Apple Valley, County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

15. Defendant, TRIDENT ASSET MANAGEMENT, LLC. ("TRIDENT"), is a Georgia limited liability company with a principal place of business in Atlanta, Georgia.

16. TRIDENT, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ.

Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to TRIDENT.

17. Defendant, DIVERSIFIED CONSULTANTS, INC. ("DIVERSIFIED"), is a Florida corporation with a principal place of business in Jacksonville, Florida.

18. DIVERSIFIED, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to DIVERSIFIED.

19. Defendant, ORION PORTFOLIO SERVICES, LLC. ("ORION"), is a Georgia limited liability company with a principal place of business in Atlanta, Georgia.

20. ORION, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to ORION.

21. ORION also purchases debts that are in default at the time they are acquired and/or assigned to ORION. These defaulted debts are not "serviced" by ORION. Rather, said debts are acquired for the purpose of debt collection, which is ORION'S principle business.

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and

"consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The causes of action stated herein also pertain to Plaintiffs' "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiffs and Plaintiffs' credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

24. Defendants are a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiffs were individuals residing within the State of California.

26. All correspondence from Defendant was sent to Plaintiffs at an address located within the State of California.

27. All contractual agreements referenced herein were entered into and executed within the State of California.

28. Sometime prior to June 18, 2015, Plaintiffs are alleged to have defaulted on a debt with Verizon for home cable services (the "debt").

29. After the debt was in default it was sold and assigned to ORION for the sole and express purpose of debt collection.

30. On or about June 18, 2015, ORION hired TRIDENT to collect the debt and TRIDENT began sending Plaintiffs collection letters and placing collection phone calls to both Plaintiffs. [*See* June 18, 2015 Debt Collection Letter,

Exhibit 1].

31. At this time Plaintiffs were experiencing severe financial hardship and were attempting to refinance their mortgage to stave off foreclosure. During the refinance process Plaintiffs obtained their credit report and learned that TRIDENT was erroneously reporting a fictitious debt.

32. Curiously, when the debt was placed with TRIDENT for collections they began reporting another debt to credit reporting agencies, of a different amount, *in addition to* the original purported debt being reported by Verizon. Thus, the alleged original creditor, Verizon, was reporting the actual alleged debt of $520.00 (Account No. -9867) while TRIDENT was reporting an additional debt in the amount of $521.00 (Account No. 7344) (the "Trident Account"). The two accounts appear as separate and distinct debts on Plaintiffs' credit report. [*See* Credit Report, Exhibit 2].

33. Plaintiffs were informed by their bank that they could not refinance their mortgage because of the Trident Account's derogatory entry on their credit report.

34. On June 26, 2015, Plaintiffs contacted TRIDENT and disputed the Trident Account in writing. [*See* Dispute Letter, Exhibit 3].

35. The Dispute Letter references a telephone conversation Plaintiffs had with TRIDENT on or about June 26, 2015 and states, "As we spoke with you, you informed us that these 2 accounts are the same one." [*See* Exhibit 3].

36. Plaintiffs allege on information and belief that TRIDENT continued to report the fictitious Trident Account even after Plaintiffs provided TRIDENT written notice of their erroneous credit reporting.

37. TRIDENT therefore furnished information to one or more credit reporting agencies it knew, or should have known, was incomplete and/or inaccurate as: (i) Plaintiffs never owed the fictitious Trident Account debt; and (ii) TRIDENT reported the Trident Account after Plaintiffs provided TRIDENT

written notice that the account was being erroneously reported.

38. Through this conduct, TRIDENT has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that Defendant knew or should have known was inaccurate and/or incomplete.

39. The instances of TRIDENT furnishing false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiffs' credit score, credit worthiness, credit standing, and credit capacity and has prevented Plaintiffs from obtaining extensions of credit including, but not limited to, refinancing their mortgage and has increased the cost of Plaintiffs' mortgage refinance.

40. Because Plaintiffs were informed by their bank that they could not refinance their mortgage with the Trident Account on their credit report, Plaintiffs decided to pay the debt so they could secure a mortgage refinance and save their home.

41. On or about July 1, 2015, Plaintiffs paid TRIDENT $520.98 by cashier's check. [*See* Cashier's Check, Exhibit 4].

42. On July 9, 2015, TRIDENT confirmed Plaintiffs' payment stating "Your Trident account number []7344, which was the delinquent balance from your VERIZON account number []0001, **has been paid in full**." [*See* Trident Payment Confirmation Letter, Exhibit 5].

43. Plaintiffs allege on information and belief that TRIDENT remitted Plaintiffs' payment, or a portion thereof, to the alleged owner of the debt, ORION.

44. Despite Plaintiffs having paid the debt in full, ORION placed the debt with DIVERSIFIED for the purpose of debt collection.

45. On September 29, 2015, DIVERSIFIED, on behalf of ORION, sent Plaintiffs a letter demanding payment on the debt. Notably, the letter references a debt in the amount of $520.98 in reference to a Verizon account ending in 0001. [*See* Diversified Letter, Exhibit 6].

46. DIVERSIFIED and ORION therefore demanded payment on the exact same debt that had been "paid in full" by Plaintiffs months prior.

47. Through this conduct, DIVERSIFIED and ORION, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

48. DIVERSIFIED, on behalf of ORION, also placed telephone calls to both Plaintiffs demanding payment on the debt, which had already been paid in full.

49. Through this conduct, DIVERSIFIED and ORION, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

50. Based upon the September, 29, 2015 letter from DIVERSIFIED, Plaintiffs allege that TRIDENT, acting on behalf of ORION, demanded payment from Plaintiffs though collection telephone calls made to both Plaintiffs and debt collection letters (*i.e.* Exhibit 1) wherein TRIDENT and ORION had no intention of crediting Plaintiffs account with the payments being solicited.

51. Through this conduct, TRIDENT and ORION, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (iii) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ. [AGAINST ALL DEFENDANTS]

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

54. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

///

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST ALL DEFENDANTS]

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

57. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

58. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

### [AGAINST TRIDENT]

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

61. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

62. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

63. Defendant knew or should have known the credit information it reported regarding Plaintiffs and the Trident Account was inaccurate and/or incomplete because Plaintiffs never owed the debt associated with the Trident Account and Defendant received written notice form Plaintiffs describing the erroneous credit reporting. Thus, Defendant violated Cal. Civ. Code § 1785.25(a) though is furnishing of credit information as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein.
- Any and all other relief that this Court deems just and proper.

Dated: October 26, 2015                              Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFFS

## TRIAL BY JURY

64.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: October 26, 2015                              Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFFS